SOUTH EUCLID (CITY), PLAINTIFF, *v.* LINK, DEFENDANT.

South Euclid Municipal Court, Cuyahoga County.

No. 6498.   Decided October 12, 1964.

*Mr. Paul Mancino, Jr.,* city prosecutor, for the city.
*Mr. Clifford Bernard,* for defendant.

## THE FACTS

KLEIN, J. On January 1, 1964, the defendant was operating a motor vehicle on Prasse Road in South Euclid, Ohio. The street had been plowed, and snow and ice were piled up on the tree lawns and on the aprons of the driveways. When the defendant reached his home located on the north side of Prasse Road, he swung his car to the left and headed into his driveway. His forward progress was halted when he ran into a pile of snow. He then backed up at an angle and tried again. This second attempt also failed. On this occasion, the front wheels of his car got up alongside the sidewalk before the forward motion of the car was stopped by the snow and ice. He then straightened up and started up sharply heading straight back at about three to five miles per hour striking an unoccupied car which was parked on the south side of Prasse Road. (When questioned afterward, the defendant denied any knowledge of having struck the parked vehicle.)

The parked vehicle which was struck by the defendant's car was illegally parked, said vehicle being headed in the wrong direction in violation of South Euclid City Ordinance 351.05** which reads in part as follows:

"No person shall stand or park a vehicle in a roadway other than parallel with the edge of the roadway except where angle parking is permitted, headed in the direction of traffic, and with the right wheels of the vehicle not more than one foot from the curb or the edge of the roadway - - -."

On February 1, 1964, the defendant was charged with reckless operation in violation of South Euclid City Ordinance 331.03. (The language of Subsection (a) of this Ordinance is

---

**The parked vehicle was issued a ticket for violating City Ordinance 351.05, and a fine was paid by the owner thereof.

substantially identical to Section 4511.20, Revised Code.) Subsection (a) of City Ordinance 331.03 reads as follows:

"No person shall operate a vehicle without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways."

In *City of Akron* v. *Kline*, 165 Ohio St., 322, 135 N. E. (2d), 265 (1956), the Supreme Court of Ohio stated that three elements are necessary to sustain a conviction for reckless driving. The court set forth the law as follows:

"To sustain a conviction for reckless driving - - - three elements are necessary: (1) Operating a vehicle; (2) operating it without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles; and (3) operating it so as to endanger the life, limb, or property of any person while in the lawful use of the streets or highways." 135 N. E. (2d), 266.

In view of the above, it is clear that a person cannot be convicted of reckless driving unless he is operating a vehicle "- - *so as to endanger the* life, limb, or *property of any person while in the lawful use of the streets - -.*" In the instant situation, the vehicle which was struck by the defendant's car was illegally parked in violation of a City Ordinance.

It is a fundamental principle of law that criminal statutes and ordinances are to be strictly construed in favor of the defendant. This rule is concisely stated as follows in 15 Ohio Jurisprudence (2d), Criminal Law, Section 20:

"It is a well established rule, recognized by statute, that penal laws must be strictly construed. More accurately, it may be said that such laws are to be interpreted strictly against the state and liberally in favor of the accused." 15 Ohio Jurisprudence (2d), 253-254.

Furthermore, it has been held that a criminal statute will not be construed to include conduct at which it was not clearly aimed. *Reimer-Gross Co.* v. *United States*, 20 F. (2d), 36, 10 Am. Bankruptcy Rep. (NS), 337.

Because of the basic philosophy involved in the interpretation of criminal statutes as hereinabove set forth, the Appellate Courts of this State have held on several occasions that a person cannot be convicted of reckless driving predicated on

an accident in which there was no proof that the defendant had endangered "the life, limb, or property of any person while in the lawful use of the streets or highways." In *State* v. *Knighton*, 176 N. E. (2d), 286 (1959), the Court of Appeals of Wood County, Ohio, refused to sustain a conviction for reckless driving in a situation wherein the defendant's vehicle struck a bridge alongside a highway. The Court stated the law as follows:

"The State, in the case before us, fails to prove the requisite element of the crime that defendant while driving encountered either a person or property so as to endanger the life, limb or property of some person while in the lawful use of the highway. Section 4511.20, Revised Code, under its terms, does not encompass with constitutional definiteness and certainty a crime predicated on collision with a bridge. It cannot be said that a bridge on a county road is the property of some 'person' while such 'person' is in the lawful use of the street or highway, or that the bridge constitutes a use by some person in the lawful use of the highway for traffic or traveling purposes." 176 N. E. (2d), 288.

In *State* v. *Roberts*, 160 N. E. (2d), 353 (1957), the defendant's motor vehicle left the road tearing down two fence posts which were off the righway. The defendants was convicted of reckless driving. He appealed his conviction on the ground that the facts did not support a conviction under Section 4511.20, Revised Code. In reversing the conviction, the Court of Appeals of Miami County, Ohio, stated as follows, on page 355 of its opinion:

"It is essential to a violation of this statute that not only shall there be an operation of a vehicle without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, but also that the operation shall be such 'as to endanger the life, limb, or property' of some 'person while in the lawful use of the streets or highways.' This latter requirement is not found in the factual development in this case. There were no persons on the highway in proximity to the defendant when he drove off the highway, so that he did not drive 'so as to endanger the life, limb, or property of any person.' The property which was endangered and damaged was not on the highway and, therefore, no property of any person lawfully using the highway was endangered. - -"

Ludwig Link, the defendant in this case, collided with a vehicle which was not "in the lawful use of the streets" at the time of said accident. Furthermore, there was no evidence of any person or vehicle (other than the unoccupied vehicle which was illegally parked) in the immediate vicinity which was endangered by the defendant's act of backing his motor vehicle into Prasse Road. Since one of the elements of the crime of reckless driving is that the property endangered must be in the lawful use of the streets, it is quite apparent that the City of South Euclid has failed to sustain the burden of proving all the elements of the crime of reckless driving.

If we were to apply a purely logical (rather than a legal) analysis to the instant factual situation, there would seem to be very little, if any, basis for making the defendant's guilt, or innocence, contingent upon the direction the parked vehicle he endangered and damaged was headed. However, the application of a criminal statute cannot be expanded to encompass persons or things not within its descriptive terms merely because they appear to be included within the reason and spirit of the statute. This proposition of law is stated as follows in 15 Ohio Jurisprudence (2d), Criminal Law, Section 21:

"*A statute defining a crime or offense cannot be extended by construction to persons or things not within its descriptive terms though they appear to be within the reason and spirit of the statute or within the mischief intended to be avoided*, and this is true even though the cases appear to be of equal atrocity. *Only those transactions are included which are within both its spirit and letter*; and all doubts in the interpretation of a statute are to be resolved in favor of the accused." 15 Ohio Jurisprudence (2d), 256-257. (Emphasis added.)

Since a criminal statute must be strictly construed in favor of the defendant and since one of the essential elements of the crime of "reckless driving" is that the property endangered be the "property" of a person "while in the lawful use of the streets," this Court is compelled to find the defendant not guilty of the offense charged.

It is probably true, as the Prosecutor has contended, that the defendant, Ludwig Link, was guilty of improper backing in violation of City Ordinance 331.15 and of leaving the scene of

an accident in violation of City Ordinance 335.01; however being gulity of both these offenses would not constitute "reckless driving" in violation of City Ordinance 331.03 since a combination of all the elements of improper backing and leaving the scene would not contain all the elements required to sustain a conviction for "reckless driving" (i. e. "lawful use of the streets" element).

In concluding this opinion, it should also be stated that the Court cannot agree with the contention of the Prosecutor that even if the defendant is not guilty of the offense of reckless driving, the Court should find him guilty of improper backing and/or leaving the scene. This Court is not aware of any proposition of law wherein a Municipal Court would possess the power to find a defendant who is charged with *one* specific offense guilty of another and different offense.

The defendant, Ludwig Link, came to court prepared to defend himself against a charge of reckless driving. He then proceeded through a lengthy trial on the premise that he was fighting such a charge. Believing that the Prosecutor had failed to prove him guilty of reckless driving beyond a reasonable doubt, the defendant then, in the exercise of his constitutional rights, refused to testify against himself. For this Court to then find the defendant guilty of some other offense, with different elements of proof (without having any statutory basis for so doing), would make a travesty of justice.

It is the finding of the Court that the defendant is not guilty of violating City Ordinance 331.03. The defendant is discharged.